United States Court of Appeals
For the Eighth Circuit

_____

No. 17-3523
_____

United States of America

*Plaintiff - Appellee*

v.

Jon Henri Bryant, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: October 25, 2018
Filed: January 22, 2019

_____

Before WOLLMAN, LOKEN, and ERICKSON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Jon Henri Bryant, Sr., pleaded guilty to kidnapping in violation of 18 U.S.C. § 1201(a)(1). The district court[1] imposed a 360-month sentence. We affirm.

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

On the morning of October 25, 2016, Christine Woods drove her children to school in Sioux Falls, South Dakota, and returned to her apartment to find her garage door open and her remote opener unable to close it. As she stepped out of her car, Bryant, her ex-boyfriend, emerged from the garage. Bryant struck Woods several times, forcibly put her into the trunk of her car, and told her that he was going to kill her. Before being placed into the trunk, Woods was able to call 911 and then slip her cell phone into her purse. After Bryant began driving, Woods told the dispatch operator that she feared Bryant was going to kill her. The operator was able to ping Woods's phone and later Bryant's phone to determine their location. Bryant then stopped the car, opened the trunk, and took Woods's phone from her, terminating the call. Bryant drove Woods out of Sioux Falls, took the interstate through the southwest corner of Minnesota, and finally stopped at an abandoned farmstead near Garretson, South Dakota.

There, Bryant removed Woods from the trunk and placed her in the passenger's seat. Woods noticed that Bryant had brought two rolls of duct tape, and when she asked Bryant about them, he continued to threaten her life. Law enforcement soon arrived, whereupon Bryant became angry and continued his assault, at one point strangling Woods to the point of unconsciousness. He then drove off with Woods, leading the officers on a crash-ending chase through an adjacent bean field. The officers apprehended Bryant and took Woods into protective custody.

At Bryant's sentencing hearing, the district court heard testimony and adopted the facts as stated in the presentence report (PSR), with some modifications. Section 2A4.1(a) of the U.S. Sentencing Guidelines (U.S.S.G. or Guidelines) provides the base offense level for kidnapping, but also includes a cross-reference that applies if a victim was kidnapped in connection with another offense. The cross-reference directs the court to apply the base offense level of the other offense and add 4 levels for the kidnapping. U.S.S.G. § 2A4.1(b)(7)(A). The district court determined that

Appellate Case: 17-3523     Page: 2     Date Filed: 01/22/2019 Entry ID: 4747728

Bryant kidnapped Woods while committing attempted murder, which has a base offense level of 33. U.S.S.G. § 2A2.1(a)(1). After adding 4 levels for the kidnapping, the court applied a 4-level enhancement for life-threatening bodily injury, U.S.S.G. § 2A2.1(b)(1)(A), a 2-level enhancement for reckless endangerment, U.S.S.G. § 3C1.2, and a 2-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a). Bryant's adjusted offense level totaled 41, and his Advisory Guidelines sentencing range was 360 months' to life imprisonment. Bryant objected to this calculation, arguing that the court lacked evidence of his intent to murder Woods and that Woods did not suffer a life-threatening bodily injury. He also moved for downward departures and variances due to his age of 61 years and his poor mental and physical condition. The district court overruled these objections, denied his requests, and sentenced him to 360 months' imprisonment.

Bryant contends that his sentence is procedurally and substantively unreasonable. We first consider whether the district court committed procedural error, such as an improper Guidelines calculation or a sentence based on clearly erroneous facts, "review[ing] the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Hairy Chin, 850 F.3d 398, 402 (8th Cir. 2017) (per curiam) (quoting United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009)). If we find no error, we review the sentence for substantive reasonableness. Id.

Bryant argues that the district court procedurally erred when it applied the cross-reference to attempted murder. He claims that the court's finding that he intended to kill Woods was clearly erroneous and that it violated his Sixth Amendment right to have every element of his offense determined beyond a reasonable doubt. We conclude that the application of the cross-reference to attempted murder was appropriate and that the court's factual determination did not violate Bryant's Sixth Amendment rights.

Section 2A2.1(a)(1) provides a base offense level of 33 "if the object of the offense would have constituted first degree murder." Murder "committed in the perpetration of . . . kidnapping . . . is murder in the first degree." 18 U.S.C. § 1111(a). Attempt requires both "(1) an intent to engage in criminal conduct, and (2) conduct constituting a 'substantial step' towards the commission of the substantive offense which strongly corroborates the actor's criminal intent." United States v. Joyce, 693 F.2d 838, 841 (8th Cir. 1982). Bryant does not dispute that he placed Woods in the trunk of the car, that he told her multiple times that he was going to kill her, that he stocked the car with two rolls of duct tape, and that he drove her to an abandoned farmstead. Once there, he strangled her to the point of unconsciousness. Based on these facts, we find no clear error in the court's determination that Bryant intended to kill Woods and took a substantial step towards doing so. We also conclude that the application of the cross-reference did not violate Bryant's Sixth Amendment rights because it neither increased the penalty for kidnapping beyond the statutory maximum nor increased any mandatory minimum. See United States v. Davis, 753 F.3d 1361, 1361 (8th Cir. 2014) (per curiam).

Bryant next argues that the court clearly erred when it determined that Woods suffered a life-threatening bodily injury, which the Guidelines define as one "involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1 cmt. n.1(J) (2016). Bryant contends that the court lacked sufficient evidence to find that Woods lost consciousness or that any unconsciousness was sufficient to qualify as a life-threatening injury.

The district court did not clearly err in determining that Bryant had strangled Woods to the point of unconsciousness. The PSR and the sentencing hearing testimony indicate that Woods told an agent that she became unconscious after Bryant started choking her; that she suffered petechial hemorrhages from blood vessels that

-4-

ruptured when Bryant choked her; that such hemorrhages are consistent with losing consciousness; that Woods exhibited external bruising and swelling; and that Bryant told his mother that he saw Woods's eyes roll back in her head while he choked her.

We also conclude that the court did not err in determining that Woods's injuries justified the application of the 4-level enhancement under U.S.S.G. § 2A2.1(b)(1)(A). Dr. Kenneth Snell, a forensic pathologist testifying on behalf of the government, explained that Woods's physical injuries were consistent with asphyxia and estimated that Woods would have been unconscious for at least ten to fifteen seconds. He testified that asphyxiation for longer periods of time can cause irreversible brain damage and death and concluded that Woods faced a substantial risk of death when she lost consciousness. Bryant argues that Woods's injuries do not justify the enhancement because she fully recovered from all injuries suffered. But injuries resulting in a substantial risk of death need not be permanent. See, e.g., United States v. Tindall, 519 F.3d 1057, 1064 (10th Cir. 2008) ("That the injury is ultimately cured does not answer whether the injury was 'life-threatening' when inflicted."). We find no error in the court's conclusion that Woods faced a substantial risk of death when she was strangled to the point of unconsciousness, which qualifies as a life-threatening bodily injury sufficient to warrant the enhancement.

Bryant's double-counting arguments similarly fail. Double-counting at sentencing occurs "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Strong, 826 F.3d 1109, 1116 (8th Cir. 2016) (quoting United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997)). In other words, a court impermissibly double-counts "when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." Id. (quoting United States v. Waldner, 580 F.3d 699, 707 (8th Cir. 2009)). "[D]ouble counting is permissible if the Sentencing

-5-

Appellate Case: 17-3523    Page: 5    Date Filed: 01/22/2019 Entry ID: 4747728

Commission so intended and each guideline section furthers an independent purpose of sentencing." United States v. Chapman, 614 F.3d 810, 812 (8th Cir. 2010).

Bryant argues that the court double-counted when it applied the base offense level for attempted murder and then added the 4-level enhancement for a life-threatening bodily injury. He contends that attempted murders are by nature life-threatening and that an enhancement based on the extent of the injury caused cannot permissibly increase the offense level for attempted murder. There was no double-counting here, however, because an attempted murder does not necessarily result in life-threatening injury.[2] Cf. United States v. English, 329 F.3d 615, 618 (8th Cir. 2003) (noting that "it would be unreasonable, and hence presumably contrary to the Commission's intent," to interpret an enhancement as applicable every time the underlying felony was committed). The attempted murder offense level would have applied even had Woods not nearly died from the strangulation, so the injury enhancement and the attempted murder offense level thus "penalize distinct aspects of [Bryant's] conduct and distinct harms." Waldner, 580 F.3d at 707 (quoting United States v. Smith, 516 F.3d 473, 476 (6th Cir. 2008)). Further, the Guidelines specifically provide for enhancements based on the seriousness of the injury suffered. See U.S.S.G. § 2A2.1(b) (allowing increases for "serious bodily injury" and "life-threatening bodily injury").

We likewise disagree with Bryant's contention that the court's application of the cross-reference to attempted murder constituted impermissible double-counting. No double-counting occurred because the cross-reference required proof of attempted

---

[2]Bryant's reliance on United States v. Spinelli, 352 F.3d 48 (2d Cir. 2003) is misplaced. The Spinelli court remanded the case because the district court improperly justified the life-threatening bodily injury enhancement by referring to the life-threatening circumstances to which the victim was subjected and not the injury that the victim sustained. Id. at 57-58. Here, the district court unambiguously supported its application of the enhancement with evidence that Woods was strangled to the point of unconsciousness.

-6-

Appellate Case: 17-3523     Page: 6     Date Filed: 01/22/2019 Entry ID: 4747728

murder and kidnapping, respectively, which are separate offenses with separate elements. Indeed, the Guidelines specifically prohibit the court from adding the additional 4 levels for the kidnapping if the offense guideline for the "other offense" already includes an adjustment for kidnapping. U.S.S.G. § 2A4.1(b)(7)(A). The district court's decision was thus procedurally sound.

Finding no significant procedural error, we review the substantive reasonableness of Bryant's sentence for abuse of discretion. Hairy Chin, 850 F.3d at 403. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). Bryant argues that his sentence is substantively unreasonable because the district court gave undue weight to prior acts that did not amount to criminal convictions and insufficient weight to his age, health, and mental condition.

We conclude that Bryant's 360-month sentence is not substantively unreasonable. The district court determined that a sentence at the bottom of the Advisory Guidelines range was appropriate in light of the circumstances of the kidnapping and Bryant's long history of controlling and abusive behavior towards women. Bryant does not dispute that several women have filed for protection orders against him in the past, nor is there any indication that Bryant lacked a meaningful opportunity to contest the facts as set forth in the PSR regarding his abusive history. While Bryant's age and condition arguably may have justified a departure or variance, the court acted within its discretion when it decided to impose a Guidelines-range sentence.

The sentence is affirmed.

_____