UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>        vs.<br><br>JON HENRI BRYANT, SR.,<br><br>                   Defendant. | 4:16-CR-40125-KES<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE AND DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant, Jon Henri Bryant, filed a pro se motion requesting a review of his 360-month sentence under Amendment 821 and the First Step Act (Compassionate Release § 3582). Docket 271. Plaintiff, the United States of America, objects. Docket 274.

Defendant also filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), Docket 275, and a Proposed Release Plan in support of the motion, Docket 275-1. The United States of America objects. Docket 276.

For the following reasons, Bryant's initial motion, Docket 271, and his second motion, Docket 275, are denied.

Jon Henri Bryant was sentenced to 360 months in custody for kidnapping. Docket 87. He is currently serving his sentence at Atlanta FCI, with a projected release date of May 18, 2042. *See Find an Inmate,* Fed. Bureau of Prisons, (register number 16729-273; last visited June 15, 2026).

1

## I.    18 U.S.C. § 3582(c)(2) and Amendment 821

Bryant moves for a "sentence review" because he believes he "may qualify for a reduction based on [his] criminal history points at the time of sentencing (specifically the 'Zero-Point' or 'Status Point' provisions.)" Docket 271 at 1.

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

2

At step two, § 3582(c)(2) instructs courts to consider applicable § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. *Dillon,* 560 U.S. at 827. The Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

*Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e).

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

Bryant's total criminal history score was 2, which established a Criminal History Category of II. Docket 75 ¶ 40. Bryant is not eligible for a reduction in "status points" because no status points were used to calculate his criminal

3

history, and the Amendment does not lower Bryant's applicable guideline range.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in § 4C1.1(a), providing a 2-offense-level reduction for many offenders who present zero criminal history points. But Bryant does not meet the criteria for zero-point offenders, as outlined in U.S.S.G. § 4C1.1(a). As stated, eligibility at criterion 1 requires that a defendant have zero criminal history points. Bryant had 2 criminal history points. *Id.* Thus, Bryant is not eligible for a reduction of his sentence under § 3582(c) and Amendment 821.

## II.     18 U.S.C. § 3582(c)(1)(A) Compassionate Release

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (second alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-

4

processing rule" that must be enforced if raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release" but, rather, is "a claim processing rule that may be waived or forfeited by the government").

The United States contends that Bryant has not exhausted his administrative remedies as it relates to either motion. Docket 274 at 5; Docket 277 at 3-4. Regarding Bryant's first motion for compassionate release, Docket 271, the United States notes that Bryant did not provide any documentation indicating that he submitted a request for compassionate release to the warden of his facility. Docket 274 at 5.

In relation to Bryant's second motion for compassionate release, Docket 275, the United States first notes a mistake in the dates stated by Bryant. Docket 277 at 3 (noting that Bryant "argues he submitted a request for compassionate release to the warden of his facility on '5/2025' and a denial was issued on '6/2025[,]'" when he likely meant "5/2026" and "6/2026"). Regardless, according to the United States, "the attachment he submitted in support of his request for compassionate release to the warden" does not support that he exhausted his administrative remedies. *Id.* Rather, the documentation "references the potential existence and substance of a police report and dash cam video from his underlying offense." *Id.* The United States further argues that although Bryant's grounds for release relate to his medical

5

situation, he does not mention his medical circumstances in his documentation. *Id.* Finally, the United States notes that Bryant did not include a response from the warden in the record. *Id.*

Bryant did not include any information showing that he exhausted his administrative remedies as it relates to his first motion. Bryant filed his second motion for compassionate release using a form from the court. Docket 275. On that form, Bryant checked the box indicating, "Yes, I submitted a request for compassionate release to the warden on (date) 5/2025." *Id.* at 3. To the next question—"Did the warden deny your request"—he checked the box indicating, "Yes, the warden denied my request on (date) 6/2025." *Id.* But Bryant did not include documentation indicating he pursued his administrative remedies or a copy of the warden's response. The court notes that Bryant's Proposed Release Plan, Docket 275-1, includes an internal BOP document addressed to "Food Service." But the document does not relate to the grounds upon which Bryant requests release. Rather, it relates to his underlying offense:

> I recently found out from the DOJ that the Minnehaha County Sheriff never turned the police report or dash cam video over to the Federal Prosecutor. See letter enclosed from the DOJ. My sentence was enhanced on relevant conduct by three police officers that committed perjury. Their testimony added another 20+ years to my sentence for attempted murder. What they said, the girl never said. Nor did it happen. Please look at court transcripts pages 1 thru 120. It was said when the car was stopped they saw me beating the victim, and that I choked her until she passed out. When they opened up the car door she was lying on the floorboard and she fell out and hit the ground. They lifted her up off the ground and carried her to safety. The video will show none of that ever happened. The Sheriff's car was facing right into the front seat of the car and will show I got out and lied down on the ground. The patache was because she was anorexic and vomited all the time. There would have been photos of her neck being bruised. There's a t-shirt they

said had blood on it in evidence. The victim told them it was BBQ sauce. Please look at the video and get me back in for resentencing. My 97-112 months are up. There was no relevant conduct.

*Id.* at 10.

The United States specifically argues that "[b]ecause Bryant did not pursue administrative remedies based on his medical situation, he has not pursued administrative resolution" and it requests that the court dismiss the motion based on the failure to exhaust. Docket 277 at 3-4.

The United States is correct. Bryant failed to exhaust administrative remedies based on his medical situation and, because the United States raised this issue, the court must dismiss Bryant's motions for compassionate release and will do so without prejudice. *See Houck*, 2 F.4th at 1084 ("[C]ourts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue.).

**CONCLUSION**

Thus, for the reasons stated above, it is

ORDERED that Bryant's motion for a sentence reduction pursuant to Amendment 821 (Docket 271) is denied; and it is further

ORDERED that Bryant's initial motion for compassionate relief (Docket 271) is denied without prejudice; and it is further

ORDERED that Bryant's second motion for compassionate relief (Docket 275) is denied without prejudice.

Dated July 21, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE